UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEGGY A. STANIECKI,

      Plaintiff,                  CIVIL ACTION NO. 08-11489

v.                             DISTRICT JUDGE AVERN COHN
                             MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial  evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 21, 2005, alleging that she had been disabled and unable to work since November 3, 2004, at age 52, due to fibromyalgia, chronic fatigue syndrome, restless leg syndrome an  chronic headaches. Benefits were denied by the Social Security Administration (SSA).  A requested de novo hearing was held on August 9, 2007, before Administrative Law Judge (ALJ) Joel Fina. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge restricted claimant from jobs that would expose her to ropes, ladders, scaffolds or unprotected heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of

benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 55 years old at the time of the administrative hearing (TR 348). She had a tenth grade education, and had been employed as a retail manager and sales clerk (TR 349, 382). As a retail store manager, Plaintiff had to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 65). Claimant stopped working in November 2004, due to progressively worsening joint pain[1] (TR 354).

Plaintiff alleged that she was disabled as a result of radiating joint pain (TR 368). Claimant doubted that she could return to work due to severe pain (TR 369). She remained capable of shopping, cooking, housekeeping, socializing and doing her laundry (TR 357-358). Plaintiff had to lie down several times a day in order to get any pain relief (TR 378). She was allegedly unable to sit or stand for prolonged periods (TR 362). Plaintiff estimated that she could lift a gallon of milk on a "good day" (TR 361). The claimant added that she often had panic attacks that left her confused and interfered with her ability to concentrate (TR 372-375).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past work as light, semi-skilled activity, which imparted some transferable skills (TR 382-383). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully

---

[1]Plaintiff received short term disability payments from her employer in 2004. She eventually accepted long term disability payments in exchange for not filing a workers' compensation claim (TR 353-354).

accepted[2] (TR 388). If she were capable of sedentary work, however, there were numerous unskilled receptionist, order clerk and inspection jobs that she could still perform with minimal vocational adjustment (TR 385).  These simple, routine jobs allowed a sit-stand option and did not expose workers to ladder climbing or unprotected heights  (TR 385).

<u>LAW JUDGE'S DETERMINATION</u>

The Administrative Law Judge found that Plaintiff was  impaired as a result of fibromyalgia and degenerative disc disease, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to sit or stand for prolonged periods, and from work involving frequent crouching, crawling, stooping, climbing or balancing. The Law Judge also restricted claimant from jobs that would expose her to unprotected heights.  Nevertheless, the Law Judge found that Ms. Staniecki retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See

---

[2]The witness testified that claimant's alleged need to take frequent breaks throughout the day due to her joint pain would preclude all work activity (TR 388).

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity.  She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations.  Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record[3] did not confirm the disabling nature of her joint pain.

---

[3]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993).  Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 311-343) was not considered by the undersigned.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option and no exposure to unprotected heights. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. As pointed out by the ALJ, the claimant has never been hospitalized, nor has she received aggressive treatment for the condition (TR 20). Moreover, diagnostic tests did not support all her complaints.[4] Examining physicians reported no significant abnormalities. The claimant walked with a normal gait, and she had good muscle strength in her arms and legs. Muscle bulk and tone were normal, coordination was unimpaired, and she did not exhibit any neurological deficits (TR 132-136, 139).

Plaintiff also obtained significant relief from medications taken as prescribed, and the medical record contained no evidence of significant side-effects from those medications. The Law Judge also noted that no examining physician recommended that she frequently lie down throughout the day (TR 20). Significantly, no doctor declared her to be totally and permanently disabled. Despite allegations of severe functional limitations, a significant portion of the treatment notes found in the record document routine medical

_____

[4]Diagnostic testing included a normal colonoscopy and endoscopy performed in September 2005. Chest X-rays performed in July 2006, showed no evidence of active pulmonary or cardiovascular disease (TR 294-298).

care for such ailments as diffuse joint pain, irritable bowel syndrome and gastroesophageal reflux disease (TR 148-231).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled.  Despite allegations that she suffered from severe pain radiating throughout her body, the claimant was able to prepare meals, pay bills and perform household chores.  She spent time watching television, caring for her pets and visiting with friends (TR 73-76, 357-358). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced sedentary work that did not require frequent crouching, crawling, stooping, climbing or balancing.

Plaintiff relies heavily upon the fact that she had been diagnosed with various other impairments besides fibromyalgia and degenerative disc disease, including asthma, bilateral carpal tunnel syndrome, left shoulder impingement and trigeminal neuralgia, which were not found to be severe by the Law Judge (See pp 10-11 of Plaintiff's Brief in Support of Summary Judgment). All that is required for a favorable ruling at step two of the sequential evaluation process is that a claimant establish at least one severe impairment. 20 C.F.R. 404.1520(a)(4)(ii) (2008). Even if the evidence shows that a particular impairment was mistakenly found to be not severe, reversal or remand of the Law Judge's decision is not required.  Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987)(failure of [Commissioner] to find an impairment was severe was not reversible error because he found that claimant had other severe impairments).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Law Judge adequately included all

6

functional limitations from those impairments into his residual functional capacity (RFC) evaluation. In the instant case, the claimant has failed to point to any medical opinion, or other evidence, demonstrating additional work-related limitations caused by those conditions allegedly ignored by the Law Judge. Following an evaluation in August 2006, Dr. Theodore Bash, a family physician, diagnosed low grade asthma, dyslipidemia, an impingement of the left shoulder, cystitis, restless leg syndrome and trigeminal neuralgia (TR 262-263). Yet, the treating doctor did not impose limitations greater than those included by the ALJ in his RFC.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with

her significant impairments[5], the Vocational Expert testified that there were numerous unskilled receptionist, order clerk and inspection jobs that she could still perform with minimal vocational adjustment (TR 385). These simple, routine jobs allowed a sit-stand option and did not expose workers to ladder climbing or unprotected heights (TR 385). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

---

[5]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain.  The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE
DATED: February 18, 2009

_____

## CERTIFICATE OF SERVICE

I hereby certify on February 18, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 18, 2009: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217